# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILLIP J. CLINE, et al.,<br><br>        Defendants. | 1:13-cv-00400-AWI- BAM (PC)<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL (ECF Nos. 23, 29)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (ECF No. 20)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Gerald L. Tucker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 13, 2013. Plaintiff filed a first amended complaint on May 22, 2013. (ECF No. 20)

### I.    Motions to Appoint Counsel

On April 17 and on April 22, 2013, Plaintiff filed two separate motions for the appointment of counsel. (ECF Nos. 12, 15.) On April 29, 2013, the Court denied the motions without prejudice. (ECF No. 16.) Thereafter, on June 17, 2013, and on November 22, 2013, Plaintiff filed duplicate motions for the appointment of counsel, combined with requests for a temporary restraining order. (ECF Nos. 23, 29.) In the first motion, Plaintiff asserts that he requires the appointment of counsel to protect his constitutional rights. Plaintiff claims that the Warden and Associate Warden at Kern Valley State Prison are wrongfully trying to classify him

as a sex offender based on fabricated allegations of sexual harassment.  (ECF No. 23.)  In the second motion, Plaintiff claims that the Warden at R. J. Donavan Correctional Facility is wrongfully attempting to classify Plaintiff as a sex offender based on fabricated sexual harassment claims.  (ECF No. 29.)

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances because it is unlikely that Plaintiff will succeed on the merits of his claims.  Plaintiff's allegations related to the attempt to classify him as a sex offender are unrelated to the allegations underlying his first amended complaint.  And, as discussed more fully below, the allegations underlying his first amended complaint are not cognizable in a section 1983 action.  Further, there is no indication that Plaintiff cannot adequately articulate his claims in this action.  Id.

For these reasons, Plaintiff's motions for the appointment of counsel shall be denied.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
2   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28
3   U.S.C. § 1915(e)(2)(B)(ii).
4        A complaint must contain "a short and plain statement of the claim showing that the
5   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
8   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
9   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
10  unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
11  (internal quotation marks and citation omitted).
12       To survive screening, Plaintiff's claims must be facially plausible, which requires
13  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
14  for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted);
15  Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility
16  that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short
17  of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks
18  omitted); Moss, 572 F.3d at 969.

**III.   Allegations in First Amended Complaint**

Plaintiff is currently incarcerated at R. J. Donavan Correctional Facility in San Diego, California.  He names the following defendants: (1) Phillip J. Cline, D.A., (2) Kimberly Smith, Deputy D.A., (3) David L. Alavezos, Deputy D.A., (4) Thomas Luttrell, Ex-Detective, (5) Brian Haney, Detective; (6) Douglas Reese, Fresno Police Detective, (7) Vernon Hensley, Visalia Sherriff Dept., (8) Art Nava, Visalia Detective, (9) Laura Slaughter, M.D., (10) Edward Blake, M.D., (11) John Jackson, Deputy D.A., (12) Frederick E. Allen, Chief Probation Officer, (13) Leanne Williams, Super. Probation Officer, (14) James M. Kordell, Claimant/Defendant's

Attorney, (15) Imperial Wizard of the Ku Klux Klan, (16) P.D. Brazelton, Warden, and (17) R. M. Trimbler, Associate Warden.

Plaintiff alleges as follows:

> That Said Defendants conspired to frame Claimant of Murder/Rape charges from a crime of such that occurred in, or around, 1969. The Conspiracy to do such was by way of Illegal Search and Seizure by kidnapping Claimant, taking him to some unknown Hospital to withdraw Claimant's blood without Claimant being named as a suspect in any crime; then taking Claimant's blood sample to plant it on the 30 years old evidence, thereby establishing a False Arrest of Claimant as Suspect. Since then, Claimant has consumed his time trying to seek relief from this Conspiracy, only to be met with retaliatory actions from State Officials at the prisons Claimant has housed at, currently Pleasant Valley State Prison ("PVSP"). The most recent being, Associate Warden R.M. Trimble, Warden James, Yates and a number of Medical Staff, have tampered Lab Test to inject unknown chemicals in the vials of my blood seeking to kill me off. Meanwhile, the cause of death of the victim in the crime Clamant was framed with, exonerates him.

(ECF No. 20, p. 3.) Plaintiff also includes factual allegations and purported testimony from a trial related to the death of Wilma Jean McNutt.

Plaintiff seeks damages totaling $50 million, along with declarative and injunctive relief.

## IV.  DISCUSSION

The crux of Plaintiff's claim appears to be that defendants have engaged in a conspiracy to maintain Plaintiff's wrongful conviction for a crime. When a prisoner is challenging the legality or duration of his custody, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. at 1248 (2005).

Plaintiff is clearly challenging the legality or duration of his custody.  Since the success in this action related to his claim of conspiracy would necessarily demonstrate the invalidity of his confinement, the sole remedy available to Plaintiff is a writ of habeas corpus.[1]

### V.    Conclusion and Recommendation

For the reasons stated, Plaintiff's motions for the appointment of counsel are DENIED.  Further, IT IS HEREBY RECOMMENDED as follows:

1. This action be dismissed for failure to state a cognizable section 1983 claim; and
2. All pending motions be terminated.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2014**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that this is not the first time that Plaintiff has attempted to challenge his conviction.  In both Gerald L. Tucker v. Stuart Ryan, Warden, 1:04-cv-05662-OWW-DLB HC and Gerald L. Tucker v. P. D. Brazelton, 1:13-cv-01534-AWI-BAM HC, Plaintiff challenged his conviction for murder.  There is no indication that Plaintiff has obtained leave from the Ninth Circuit Court of Appeals to pursue a successive petition attacking his conviction and, thus, any successive petition must be dismissed.  28 U.S.C. § 2244(b).